1817.

*Lancaster.*

*Saturday,*
*May 31.*

DOEBLER *against* The Commonwealth.

IN ERROR.

ERROR to the Quarter Sessions of *Lebanon* county.

*Elder*, for the plaintiff in error.

*Godwin*, contra.

It is error if it does not appear, by the record of a trial of an indictment, that the defendant was tried by twelve jurors lawfully sworn.

TILGHMAN C. J. Two errors are assigned in this case; one, that the defendant was tried by only eleven jurors—the other, that after the jury were sworn, the Court discharged one of the jurors, and put another in his place, without the consent of the defendant. The first being decisive, it is unnecessary to consider the second. It is stated in the record, that a jury being called, came, &c. The names of the jurors are then given, which are *eleven* only in number, although they are said to be *twelve sober, judicious, honest,* and *lawful men.* It is afterwards mentioned, " that *George Fisher*, one " of the jury, (whose name is not among the eleven,) appear- " ing insensible from intoxication, the Court directed him to " be with'drawn, and another *called in his stead*, the counsel " for the Commonwealth agreeing thereto, and the counsel " for the defendant declaring, that he neither assented nor " objected to it." Supposing now, that the juror called in the stead of *Fisher*, with the others whose names are mentioned, made twelve, yet it no where appears what his name was, *nor that he was sworn.* Thinking that there had been some clerical omission in the record, we sent a *certiorari* to the Court of Quarter Sessions of *Lebanon* county to certify the part which had been omitted, but it does not appear, that any thing more is to be found than the record first sent up. Inasmuch then, as from that record it does not appear, that the defendant was tried by twelve jurors, lawfully sworn, &c. I am of opinion, that the judgment should be reversed.

GIBSON J. concurred.

DUNCAN J. concurred.

Judgment reversed.